## Lytle, Campbell & Co. *v.* Somers, Fitler & Todd Co., Appellant.

*Contracts—"Cost plus" construction contract—Articles used in
building—Mill work—Market value—Actual value—Overhead ex-
penses—Actual cost—Market price per hour.*

1. Where, under a "cost plus" construction contract, it appears
that certain mill work was used in the building, it is error for the
court to accept in evidence, the hour market price for the use of
machines making such mill work, as the basis on which the con-
tractor should recover.

2. Where there is no market value of a finished product, it is
highly dangerous to work up a cost from a market price per hour
for each of the different avenues of effort producing the article,
plus cost of materials, which may be more than the actual cost;
actual cost is more certain.

3. If the contractor makes the mill work by his own machines,
he is entitled to show the wages he paid, the power charges, the
cost of materials, the handling of the raw material, the charge for
the use of the machines, but not overhead expenses such as rents,
salaries, interest, telephone service, insurance and the like.

Argued October 1, 1926.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

Appeal, No. 98, March T., 1926, by defendant, from
judgment of C. P. Allegheny Co., July T., 1921, No. 494,

for plaintiff on case tried by court without jury, in suit of Lytle, Campbell & Co. v. Somers, Fitler & Todd Co. Reversed.

Assumpsit for balance on building contract. Before DREW, J., without jury.

The opinion of the Supreme Court states the facts; see also 276 Pa. 409.

Judgment for plaintiff for $3,914.27, with interest from Jan. 19, 1921. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* for appellant.

*R. B. Ivory,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 22, 1926:

When this case was returned by us to the court below on a prior appeal (Lytle, Campbell & Co. v. Somers, F. & T. Co., 276 Pa. 409, where the facts are stated), the question left open was whether there was anything due, beyond that already paid, under the supplemental statement of claim for the mill work, as specified in paragraph 5-A, including the 10% profit mentioned in the contract. We stated in our opinion that "Plaintiff, disavowing the charges in his weekly statement, made, in addition to $1.25 per hour in the weekly bill, one wherein was included a per hour sum for the use of the machinery, etc., employed in the mill work, and claimed a balance of $4,294, after deducting payments. Evidently uncertain as to the latter claim, a new one was substituted in an amended statement wherein it reviewed the average actual cost per hour for operating the machine at $1.25, and set up a labor cost of $1.25 per hour, making the mill cost $4,336.25. To this was added an overhead charge of

33-1/3% or $1,445.42; in all $5,781.67. Of course the two statements cannot be reconciled." We said further that plaintiff could recover the cost of his work if that cost did not exceed the market price of the articles furnished.

When the case came on for retrial in the court below, an effort was made to follow these instructions. There was evidence that the articles manufactured were special, having no ready market price, while defendant submitted evidence of what would be their market price. This raised a question of fact for the court below and it was decided adversely to appellant.

Appellee was then required to prove actual cost. In this connection the time the machines were engaged in the work was admitted in evidence before Judge EVANS and is not now an open question. Plaintiff undertook to prove, under the statement first filed, what the market value was per hour for the use of the machines which did the work. Aside from the fact that if these machines had a market value per hour, it is reasonable to suppose that the manufactured article would have a market value, whether special or not, this portion of the statement was superseded by 5-A and appellee's claims must be confined to it. The court below was in error in accepting the hour market price for the use of the machines as the basis on which the appellee should recover. Where there is no market value of a finished product, it is highly dangerous to work up a cost from a market price per hour for each of the different avenues of effort producing the article, plus cost of materials, which may be more than the actual cost. In this case it was more. Actual cost is more certain, and even its ascertainment at times is dangerous. In reaching it, the court erred in permitting appellee's witness to submit, as operating cost, items that were overhead.

In Lytle v. Somers, supra, we stated that overhead included all administrative or executive costs incident to

the management, supervision or conduct of the business, and that the operating charge included all the elements of labor and material necessary to produce the manufactured article, and that was to be measured by cost or value. While it may be difficult in some instance to distinguish between operating and overhead, these difficulties must be met and overcome as far as possible.

We specifically pointed out items of overhead that could not be allowed as operating expenses in contracts like the one before us. Such are executive or administrative salaries, rents, interest charges, depreciation, taxes, and general office expenses. Nevertheless this appellee, in fixing the actual cost above $1.25, the operator's wages for operating the machines, included just such items, interest, telephone service, insurance, and the like. This should not be done. Appellee is entitled to be remunerated for the wages paid to the operator, the power-charges to turn over the machinery, the cost of the materials that went into the manufactured product, which should include the cost of delivering the raw material to the machine and taking it to the appellant's place of business, unless these items are included in other labor charges; and, finally, the charge for the use of the machine itself may be included, but not depreciation or upkeep; the charge for the use in ordinary circumstances covers these two items. We indicated in Lytle v. Somers, supra, that charges for equipment, tools, etc., in and about an operation could not be included in cost plus. This was intended to apply to the building as such. Here an article is manufactured that is afterwards used in the building. The contractor is entitled either to its market value, if any, or, if not, to its actual cost. Market value would certainly include a machine charge in addition to the wages of the operator. Plaintiff was not required to make these special pieces of mill work by power machinery, thereby saving the wages of a number of men, and be held down in payment to the wages of the operator. It is urged that this method

might enable appellee to name any figure, but such evidence may be rebutted by showing the charge for the use of the machines is unreasonable, and what a proper charge would be.

The actual cost, placed at $2.04 per hour above the operator's cost, was excessive in view of the elements taken into consideration.

The judgment of the court below is reversed and the record is remitted for further proceedings, costs to follow the final disposition of the case.